IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ARLENE RENE PHILLIPS, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION FILE |
| | : No. _____ |
| SOUTHWEST RECOVERY SERVICES, INC., a Texas corporation, | : |
| Defendant. | : |

## COMPLAINT

## INTRODUCTION

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

## SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff is a resident of this State, District and Division and is authorized by law to bring this action.

4. Defendant, SOUTHWEST RECOVERY SERVICES, INC., is a corporation organized under the laws of the State of Texas. [Hereinafter, said Defendant is referred to as "SRS"].

5. SRS transacts business in this state.

6. SRS's transactions in this state give rise to the Plaintiff's cause of action.

7. SRS is subject to the jurisdiction and venue of this Court.

8. SRS may be served by personal service upon its registered agent in the State of Texas, to wit: Gene F. Stevens, 2010 Valley View Lane, Suite 300, Dallas, TX 75234, or wherever said agent may be found.

9. Alternatively, SRS may be served upon any agent or officer at its principle business location, to wit: 15400 Knoll Trail Drive, Suite 300, Dallas, TX 75248.

10. Alternatively, SRS may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia or Texas.

## FACTS COMMON TO ALL CAUSES

11. SRS uses the mails in its business.

12. SRS uses telephone communications in its business.

13. The principle purpose of SRS's business is the collection of debts.

14. SRS regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

15. SRS is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

16. In the course of attempting to collect a consumer debt allegedly due from Plaintiff to a business not a party to this litigation, SRS communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

17. The alleged debt which SRS attempted to collect from the Plaintiff was incurred for personal, family or household purposes.

18. During the 12 months directly preceding the filing of this complaint, SRS left at least one telephone message for Plaintiff requesting a return call.

19. It is the practice and procedure of SRS not to leave the name of their collection agency in messages it leaves for debtors.

20. It is the practice and procedure of SRS not to identify itself as a debt collector in messages it leaves for debtors.

21. It is the practice and procedure of SRS not to disclose the purpose of the call when it leaves messages for debtors.

22. In the message, SRS did not meaningfully disclose its identity.

23. In the message, SRS did not state that the communication was from a debt collector.

24. In the message, SRS did not state that the purpose of the communication was an attempt to collect a debt.

25. SRS's ordinary course of business conduct violates multiple sections of the FDCPA.

26. SRS's policy for leaving messages with consumer debtors is intentional.

27. Alternatively, SRS's policy for leaving messages was measured and calculated.

28. Defendant's communications violate the Fair Debt Collection Practices Act.

29. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

30. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

31. Defendant's violations of the FDCPA include, but are not limited to, the following:

32. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

33. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e; and

34. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

35. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendant to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

/s/ James M. Feagle
James M. Feagle
Georgia Bar No. 256916
Kris Skaar
Georgia Bar No. 649610
Justin T. Holcombe
Georgia Bar No. 552100

**SKAAR & FEAGLE, LLP**
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax